UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS F. CARLSON,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

Defendant.

Case No.  13-cv-06017-JSC

**ORDER DENYING MOTION FOR LEAVE TO SERVE SUPPLEMENTAL COMPLAINT**

Re: Dkt. No. 40

Plaintiff Douglas F. Carlson ("Plaintiff"), proceeding pro se, brings this action against Defendant United States Postal Service ("Defendant") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552-   Now pending before the Court is Plaintiff's motion for leave to file a Second Supplemental Complaint ("SSC"), which seeks to add 55 new claims.  (Dkt. No. 40.)  The Court finds this matter suitable for disposition without oral argument, *see* Civ. L.R. 7-1(b), and therefore VACATES the hearing set for July 16, 2015.  Having considered the parties' submissions, the Court DENIES Plaintiff's motion.

**BACKGROUND**

Plaintiff, a self-professed "watchdog" of Defendant's practices, filed the initial complaint in December of 2013, bringing ten claims relating to a FOIA request that Plaintiff filed seeking records from Defendant.  (Dkt. No. 1.)  In August 2014 the parties stipulated that Plaintiff could file a First Supplemental Complaint ("FSC"), which added 9 more claims.  (Dkt. No. 22-1.)  Of those 19 claims, 6 have been resolved due to the parties' settlement efforts, which spanned several months.  (Dkt. No. 30, 32.)

The remaining 13 claims generally pertain to four different subjects.  Counts 1, 2, and 11 relate to FOIA requests for documents regarding the Postal Service's Collection Point

United States District Court
Northern District of California

1    Management System.  Counts 3, 4, 5, 14, 15, 16, and 19 pertain to requests for information

2    regarding retail transaction data, communications with contractors about changes in service

3    standards, First-Class Mail volumes, emails about changes in retail hours at certain Postal Service

4    locations, and a management report on package growth from the Postal Service's Office of the

5    Inspector General.  The parties' dispute on these counts hinges on whether the information

6    withheld is commercial in nature such that it is protected from disclosure under good business

7    practices pursuant to 5 U.S.C. § 552(b)(3) and 39 U.S.C. § 410(c)(2).  Counts 12 and 13 arise out

8    of FOIA requests for dispatch schedules for a San Francisco postal station and exception to policy

9    requirements on collection times in La Jolla; for these two counts, Plaintiff challenges the Postal

10   Service's redaction of signatures.  Finally, in Count 16 Plaintiff seeks emails to or from a Postal

11   Service District Manager that contain the word "Carlson" or "Rincon."

12          At the case management conference ("CMC") on February 12, 2015, Plaintiff indicated his

13   intent to seek leave to amend the pleadings for a second time.  (*See* Dkt. No. 39.)  The Court set a

14   schedule giving the parties two months to negotiate a stipulation as to any or all proposed

15   supplemental claims.  (*Id.*)  The Court had intended to set a briefing schedule on motions for

16   summary judgment at that CMC, but put off doing so until resolution of the state of the pleadings.

17   It appears that the parties did not stipulate to any proposed amendments: Plaintiff filed a motion

18   for leave to file the SSC on April 27, 2015 (Dkt. No. 40), and Defendant opposes all proposed

19   additional claims (Dkt. No. 43).

20          The 55 claims that Plaintiff now seeks to add relate to different FOIA requests, Privacy

21   Act requests, and one claim for breach of contract for violations of the settlement agreement

22   reached in a prior FOIA case.  It is undisputed that the facts underlying these new claims—*i.e.*, the

23   FOIA requests, disclosures, and alleged breach—all occurred after the filing of the FSC.  The

24   majority of the 55 new claims pertain to FOIA requests to 48 different Postal Service Districts

25   seeking operating plan and closure information for certain holidays.  Three of the 55 proposed new

26   claims involve FOIA requests for Postal Service communications or actions relating to Plaintiff.

27   One of the proposed new claims involves a challenge to the Postal Service's determination of the

28   fee required to process Plaintiff's FOIA request.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(d) "permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (internal quotation marks and citation omitted). Rule 15(d) provides in relevant part that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The purpose of the rule is "to promote the economical and speedy disposition of the controversy." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of So. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

"There is no right to supplement as a matter of course as there is with certain amended pleadings." *Blackwell v. Thai Speed, Inc.*, No. C 07-4629, 2008 WL 782556, at *2 (N.D. Cal. Mar. 24, 2008) (citation omitted). Instead, "[u]nder the Rule, allowance or denial of leave to file a supplemental pleading is addressed to the sound discretion of the District Court." *United States v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963); *see also Pratt v. Rowland*, 769 F. Supp. 1168, 1131 (N.D. Cal. 1991) (noting that Rule 15(d) gives "broad discretion" to permit or deny supplemental pleadings). The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for a Rule 15(a) motion to amend. *See Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013); *Candler v. Santa Rita Cnty. Jail Watch Commander*, No. C 11-1992 CW (PR), 2013 WL 5568248, at *1 (N.D. Cal. Oct. 9, 2013) (internal quotation marks and citation omitted); *Athena Feminine Techs. Inc. v. Wilkes*, at *2 (citation omitted); *cf. LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986), *cert. denied*, 482 U.S. 928 (1987) (noting that Rule 15(d) motions should be granted "[u]nless undue prejudice to the opposing party will result"). These factors, first identified in *Foman v. Davis*, 371 U.S. 178 (1962), include bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). In addition, "a supplemental complaint should have some

1    relation to the claim set forth in the original pleading[.]" *Candler*, 2013 WL 5568248, at *1; *see*

2    *also Keith*, 858 F.2d at 473 (same).  Lastly, "[j]udicial economy is a primary concern under a Rule

3    15(d) motion to supplement." *Aten Int'l Co. v. Emine Tech. Co.*, No. CV 09-0843 AG (MLGx),

4    2010 WL 1462110, at *5 (C.D. Cal. Apr. 12, 2012).  Ultimately, leave to file a supplemental

5    pleading will be denied where the supplemental pleading could be the subject of a separate action.

6    *Said v. Gonzales*, No. C06-986MJP, 2007 WL 2789344, at *6 n.4 (W.D. Wash. Sept. 24, 2007)

7    (citing 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Practice & Proc.: Civil

8    2D § 1509 (1990)).

9                                        **DISCUSSION**

10            Plaintiff seeks to supplement the FSC to add 55 new claims, including many FOIA counts,

11   several Privacy Act counts, and one claim for breach of contract.  Plaintiff insists that allowing

12   these amendments comports with judicial efficiency because the proposed supplemental claims

13   involve overlapping legal issues with those alleged in the current operative pleading, including

14   documents withheld pursuant to the 39 U.S.C. § 410(c)(2) exemption and fee issues.  Plaintiff

15   further asserts that allowing him to bring the 55 other FOIA claims supports his current allegation

16   that Defendant has a "policy or practice of not complying with FOIA in responding to [his]

17   requests[,]" and therefore allowing the amendments will lead to a better supported claim and

18   therefore "complete relief" to which Rule 15(d) aspires.

19            As a threshold matter, the Court is satisfied that Plaintiff's proposed new claims have

20   "some relation" to the claims alleged in the operative complaint.  *See Candler*, 2013 WL 5568248,

21   at *1; *see also Keith*, 858 F.2d at 473.  The nexus here is clear: the proposed claims all relate to

22   Defendant's responses to Plaintiff's FOIA requests.  Thus, this baseline requirement for a Rule

23   15(d) supplement is present.

24            Turning to the *Foman* factors, the first factor courts consider on a Rule 15 motion is bad

25   faith.  *See Ditto*, 510 F.3d at 1079.  There is no indication here that Plaintiff's proposed new

26   claims are brought in such a manner.  To the contrary, it appears that Plaintiff is merely attempting

27   to reach a resolution on all pending claims to prevent having to file a new lawsuit.  Defendant does

28   not contend that the proposed new claims would be futile.  Nor is there evidence of undue delay, at

United States District Court
Northern District of California

4

1      least for the bulk of the claims.  A Rule 15(d) motion is meant to allow a plaintiff to include new

2      claims that arose after the filing of the operative compliant.  Plaintiff filed the FSC in August

3      2014, so this is the relevant benchmark date for the purposes of the analysis.  The lion's share of

4      the proposed new claims arise out of specific FOIA requests that Plaintiff sent to Defendant

5      between March 2014 and January 2015.  (*See generally* Dkt. No. 40-1.)  Although Plaintiffs made

6      some of these initial requests well before the FSC filing date, the allegations in the proposed SSC

7      indicate that for most claims, Defendant's alleged FOIA-violating conduct—*i.e.*, failure to respond

8      or alleged improper withholding following an administrative appeal—post-date the filing of the

9      FSC.  Some claims are the exception to that rule, however.  For example, proposed FOIA Claim

10     No. 68 was a March 2014 FOIA request, a May 2014 administrative appeal, and failure to comply.

11     (Dkt. No. 40-1 at 23.)  Plainly such a claim could have—and should have—been included in the

12     August 2014 FSC, and having failed to do so, weighs against allowing Plaintiff to add that claim

13     now.  *See Loehr v. Centura Cnty. Comm'y College Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984)

14     ("[A]lthough delay alone provides an insufficient ground for denying leave to amend or

15     supplement . . . it remains relevant." (citation omitted)).

16           But it is the next factor—prejudice to Defendant—that weighs most heavily in the analysis.

17     *See Eminence Capital, LLA v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that

18     prejudice "carries the greatest weight" in assessing whether to allow amended pleadings).  Indeed,

19     this is where Defendant's opposition focuses.  Courts often evaluate prejudice in terms of whether

20     relevant deadlines would have to be continued as a result of the supplemental pleading.  *See*

21     *Yates*, 299 F.R.D. at 614 (noting that "a court evaluates prejudice in terms of" whether relevant

22     deadlines would have to be continued as a result of the supplemental pleading).  Courts have also

23     found prejudice to the non-moving party where the parties have already engaged in settlement

24     proceedings.  *See, e.g.*, *Frederick v. Cal. Dep't of Corrs. & Rehabilitation*, No. 08-2222 MMC

25     (PR), 2012 WL 2077305, at *2 (N.D. Cal. June 8, 2012).  In other circumstances, courts have

26     denied leave to file a supplemental pleading where the new claims would require creation of a

27     separate administrative record.  *See, e.g.*, *Or. Natural Res. Council, Inc. v. Grossarth*, 979 F.2d

28     1377, 1379-80 (9th Cir. 1992) (affirming dismissal and denying motion to supplement with

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    evidence of subsequent agency action involving matters which "should be considered in the first

2    instance by a district court in separate litigation which can develop an independent record").  On

3    the other hand, other courts have made clear that "[t]he burden of having to defend a new claim

4    alone is not undue prejudice under Rule 15[.]" *Dep't of Fair Emp't & Hous. v. Law Sch.*

5    *Admission Council, Inc.*, No. 12-cv-1830-EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013).

6           This case has been pending for over one and a half years.  The parties have engaged in

7    substantial settlement efforts with a magistrate judge that effectively narrowed the claims before

8    the Court.  The Court was on the verge of setting a briefing schedule for summary judgment

9    motions when Plaintiff brought up his desire to supplement his claims once more.  Plaintiff's

10   breach of contract claim would entitle him to discovery, which necessarily would push back the

11   deadline for dispositive motions.  These are exactly the results that a court's prejudice analysis

12   seeks to avoid.

13          A plaintiff is not normally entitled to discovery on FOIA claims, so there is no risk that

14   prolonged discovery would result from Plaintiffs' proposed new FOIA claims.  However,

15   Defendant has submitted the declaration of Matthew J. Connolly, Chief Privacy Officer in the

16   Postal Service's Law Department, who avers that because Plaintiffs' proposed new claims involve

17   FOIA requests made to various different Postal Service district, they  require each district to

18   conduct its own search for responsive documents and make a determination on exemptions.  (Dkt.

19   No. 43-1 ¶ 8.)  From Defendant's perspective, this will require substantial effort, possibly taking

20   months if not years to reach the summary judgment stage that the parties have finally neared

21   regarding the 13 claims in the operative FSC.  Defendant's required investigation and response to

22   all of the myriad proposed FOIA claims here likewise weighs against allowing the new claims to

23   proceed, since it essentially requires an entirely new investigation and set of documents.  *See*

24   *Oregan Natural Res. Council, Inc.*, 979 F.2d at 1379-80.  And while there is no set deadline for

25   summary judgment motions,  any such deadline will be greatly extended if the 55 new claims are

26   added, which is prejudicial.  *See Yates*, 299 F.R.D. at 614.  Moreover, given that the parties have

27   already attended three separate settlement proceedings with a magistrate judge, allowing new

28   claims now also generates prejudice.  *Frederick*, 2012 WL 2077305, at *2.  In one of Plaintiff's

1   earlier-filed FOIA cases, the court permitted Plaintiff to supplement his complaint to add 8 new

2   FOIA claims, finding no prejudice despite the fact that Defendant would need to conduct separate

3   investigation and analysis into the new claims. *See Carlton v. U.S. Postal Serv.*, No. 06-01578

4   RMW, Dkt. No. 38 (N.D. Cal. Nov. 6, 2007). But in the earlier case the parties had not yet begun

5   settlement negotiations when Plaintiff sought to amend, and the scope of the proposed

6   supplemental complaint here is much larger: Plaintiff now seeks to add 7 times that number of

7   claims.[1] Thus, the Court finds prejudice arising from the very scope of the request here especially

8   in light of the procedural posture of this case.

9          Finally, in addition to the *Foman* factors, requests to supplement under Rule 15(d) consider

10  whether allowing the supplement will settle "the entire controversy between the parties" in the

11  interest of judicial economy. *Planned Parenthood*, 130 F.3d at 402. On the one hand, denying

12  Plaintiff's request to supplement the FSC and resolving only the currently alleged claims on

13  summary judgment will not settle the entire controversy between the parties. On the other hand,

14  given the number of FOIA requests that Plaintiff has made thus far and his self-described role as

15  advocate for better Postal Service policies, it is unlikely that the entire controversy between these

16  two parties will end even if the listed most recent claims are added.

17         On balance, the Court concludes that the factors weigh against a supplement of this great

18  volume at this advanced stage of the litigation.

19                                        **CONCLUSION**

20         For the reasons described above, the Court DENIES Plaintiff's motion for leave to

21  supplement the complaint to add 55 new claims at this late stage of litigation. Accordingly, this

22  action shall proceed to summary judgment solely as to the claims alleged in the FSC. The parties

23  shall appear for a case management conference at 1:30 p.m. on July 16, 2015. The Court will set a

24

25  [1] Defendant also contends that it will be prejudiced by pushing off the resolution of the already-pending claims because a Postal Service declarant who had been working with counsel on this

26  matter since its inception is planning to retire this month, which stands to cause even further delay. (Dkt. No. 43-1 ¶ 7.) This point appears to be moot, as that employee's retirement *this month* will

27  be in effect regardless of whether supplement is allowed, since the Court has yet to set a briefing schedule for summary judgment motions on the already-pending claims.

28

United States District Court
Northern District of California

1    briefing schedule for summary judgment motions at that time.

2         **IT IS SO ORDERED.**

3    Dated:  June 23, 2015

4

5    _____
     JACQUELINE SCOTT CORLEY
6    United States Magistrate Judge

United States District Court
Northern District of California

8